# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| MONICA BETTS, | Case No. 3:25-cv-00122 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| COPELAND (FORMERLY EMERSON), | |
| Defendant. | |

## REPORT AND RECOMMENDATION
## TO DENY *IN FORMA PAUPERIS* STATUS AND
## ORDER PLAINTIFF TO PAY THE FILING COSTS

Plaintiff Monica Betts recently submitted a *pro se* Complaint to the Court. The case is currently before the undersigned Magistrate Judge to consider Plaintiff's Application to proceed *in forma pauperis* and without prepaying the filing fees.[1] ("IFP Application," Doc. No. 1 at PageID 1-3.) After initially reviewing the IFP Application, the undersigned ordered Plaintiff to file an Amended Application to clarify certain information about her monthly expenses. (Doc. No. 3.) The undersigned explained:

> Plaintiff states in her IFP Application that she is employed and does earn income. (Doc. No. 1 at PageID 2 [Question I].) She states she has no assets, such as a home or car. (*Id*. at PageID 3 [Question VI].) She lists several creditors but it is unclear what the payment amounts represent. (*See id*. [Question VII, listing "Bridgecrest" and "Rookwood," for example].) Additionally, the listed amounts vary from $300 to $29,000 per month. (*Id*.)

---

[1] The total amount to file is $405, which consists of a civil filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited September 25, 2025).

> The undersigned questions whether these are in fact *monthly* payments given the amount of Plaintiff's stated income. Plaintiff must clarify these monthly expenses so the Court can resolve her request.
>
> The Court **ORDERS** Plaintiff to complete and submit an Amended Application to proceed *in forma pauperis* **within thirty (30) days** from the date this Order is filed. If she fails to respond to this Order, the undersigned may recommend to the District Judge that her IFP Application be denied, or that the case be dismissed because she failed to comply with a Court order. If Plaintiff needs additional time to prepare her Amended Application, she may file a Motion for Extension of Time telling the Court why she needs additional time.
>
> In the alternative, Plaintiff may pay $405 to the Clerk of Court **within thirty (30) days.**

(Doc. No. 3 at PageID 31-32 [emphasis in original].) Plaintiff did not file an Amended Application or otherwise respond to the Order. Her Amended Application was due on **July 28, 2025**.

As filed, Plaintiff's IFP Application is internally contradictory and unclear. (Doc. No. 1.) What is clear is that Plaintiff is employed and has income of $2,700 per month (or over $32,000 per year). (*Id*. at PageID 2.) While Plaintiff has monthly expenses, the amounts of her monthly payments are not clear. (*Id*.) In short, the undersigned cannot conclude from the information in the IFP Application that Plaintiff's poverty prevents her from paying the filing costs in this case while still providing for the necessities of life. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

The undersigned recognizes that "plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute'" in order to proceed *in forma pauperis. Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins*, 335

U.S. at 339). But IFP status is usually reserved for those "who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee." *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Based on what Plaintiff has filed here, the undersigned cannot conclude that Plaintiff fits within this category.

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** her to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if she wants to proceed.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of this Court.

**IT IS SO RECOMMENDED**.

*s/ Caroline H. Gentry*<br>
Caroline H. Gentry<br>
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).